IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| AMERICAN ECONOMY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 07-3021-CV-S-RED ) |
| AMANDA DOTY, | ) ) |
| Defendant. | ) ) |

## ORDER

Now before the Court is defendant Amanda Doty's Motion to Dismiss (#6). After careful consideration, the Court **GRANTS** the motion.

## BACKGROUND

On January 7, 2006, Doty's husband was killed in a motor vehicle accident with Shirley Lovell. Doty sued Lovell in state court and received a $5 million judgment. Doty collected the $50,000 policy maximum from Lovell's insurer. Doty then demanded $1 million in underinsured motorist coverage from plaintiff American Economy Insurance Company (AEI). AEI denied coverage.

AEI sued Doty in federal court on January 16, 2007. AEI's complaint requests a declaratory judgment that its insurance policy does not provide underinsured motorist coverage for the January 7, 2006 accident. AEI served notice of the action and a request for waiver of service to Doty's counsel on January 29, 2007. On March 21, 2007, Dayna Spencer, a process server, made her first attempt to serve Doty with the summons and complaint. Doty was eventually served on March 28, 2007. Meanwhile, on March 19, 2007, Doty sued AEI in state court requesting damages and a declaratory judgment that the AEI insurance policy provides underinsured motorist coverage for the

January 7, 2006 accident.

Doty has now moved to dismiss AEI's federal complaint because a parallel state case regarding the same issues is pending.

**DISCUSSION**

When deciding whether to abstain from adjudicating a declaratory judgment action during the pendency of a parallel state court proceeding, courts must ascertain "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can be better settled in the proceeding in state court." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). In other words, the court should abstain if "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit while another suit is pending in a state court presenting the same issues, not governed by Federal law, between the same parties." *Capitol Indemnity Corp. v. Haverfield*, 218 F.3d 872, 874 (th Cir. 2000).

This case involves only issues of Missouri insurance law. AEI seeks a declaration from the federal court that its policy does not provide coverage for the January 7, 2006 accident. Doty seeks damages and a declaration from the state court that AEI's policy provides coverage for the January 7, 2006 accident. Because both cases deal with the same facts and present the same legal issues, and because Missouri law applies to the controversy regardless of the forum, Missouri's state courts are in a better position to resolve both cases.

AEI argues, however, that its choice of forum should not be disturbed because it filed its federal complaint before Doty filed her state petition. This Court has previously held that "the fact that a declaratory judgment action may be filed before a state court action covering the same issues does not preclude a court from . . . dismissing the declaratory judgment action." *Deerbrook*

*Insurance Co. v. Rusher*, 4-02-0779-W-RED, *5 (W.D. Mo. January 24, 2003); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) (abstaining from adjudicating federal case that was filed more than one month before parallel state case). Accordingly, AEI's first-filed argument is without merit.

## CONCLUSION

Defendant Amanda Doty's Motion to Dismiss (#6) is **GRANTED**. Plaintiff American Economy Insurance Company's complaint is hereby **DISMISSED without prejudice**.

**IT IS SO ORDERED**.

DATED:   June 6, 2007           */s/ Richard E. Dorr*
                                RICHARD E. DORR, JUDGE
                                UNITED STATES DISTRICT COURT